IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02292-CMA-BNB

HARRY WALLACE,

Plaintiff,

v.

FIRST TRANSIT, INC.,

Defendant.
_____

**ORDER**
_____

This matter arises on the defendant's **Motion to Set Aside Default** [Doc. # 13, filed 12/23/2010], which is GRANTED.

The plaintiff commenced this action by filing a Complaint on September 20, 2010. Service was made on the defendant through its agent for service of process on October 13, 2010. Affidavit of Service [Doc. # 4-1, filed 10/22/2010]. The defendant failed to respond to the Complaint, and the Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) on November 10, 2010. Entry of Default [Doc. # 8, filed 11/10/2010].

The defendant moves to set aside the default arguing:

> During the past several months, the Legal Department has been in transition, with the former General Counsel of the Company having stepped down, and an interim General Counsel handling matters. The corporate paralegal who received Mr. Wallace's Complaint forwarded the Complaint to the interim General Counsel, who, in the Department's regular practice, would have assigned it to a Senior Attorney for handling. Due to inadvertence or miscommunication, the matter was not assigned, and thus, First Transit failed to file a responsive pleading.
>
> *   *   *

> Upon realizing that an internal administrative oversight had occurred, First Transit to *immediate* action, retaining the undersigned counsel and filing the present motion.

Motion to Set Aside Default [Doc. # 13] at pp. 2-3 (original emphasis).

As the defendant notes, default judgments are disfavored. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause. In determining whether good cause exists, a court is to consider:

> (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether defendant has presented a meritorious defense.

Microsoft Corp. v. Seifelden Electronics, LLC, 2010 WL 3632160 at *1 (D. Colo. Sept. 9, 2010).

I am informed that the defendant failed to respond to the Complaint through inadvertence, and upon discovery of the error the defendant acted immediately to defend. There is no indication that the defendant's failure to defend was based on culpable conduct. The error was discovered early in the process, and the plaintiff will suffer no prejudice if the default is set aside. And the defendant has articulated a meritorious defense. Motion to Set Aside Default [Doc. # 13] at pp. 6-9.

IT IS ORDERED:

(1)    The Motion to Set Aside Default [Doc. # 13] is GRANTED;

(2)    The defendant shall respond to the Complaint on or before **February 21, 2011**;

(3)    The plaintiff's **Motion for Default Judgment** [Doc. # 7] is DENIED as moot; and

(4)     A scheduling conference is set for **March 7, 2011, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare a proposed scheduling order and submit it to the court no later than **February 28, 2011**.

Dated February 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge